481 So.2d 726 (1985)
UNITED FINANCIAL GROUP, INC.
v.
Leroy DAVIS and Clotel Jackson Moses.
Leroy DAVIS and Clotel Jackson Moses
v.
J. Al AMISS, Sheriff and Tax Collector for East Baton Rouge Parish, et al.
Nos. 84 CA 1205, 84 CA 1206.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
J. Michael Lejeune, Baton Rouge, for plaintiff-appellee United Finance Service, Inc.
Anthony Marabella, Jr., Baton Rouge, for defendants-appellees Leroy Davis, Clotel Jackson Moses.
David C. Kimmel, Baton Rouge, for defendant-appellant State of Louisiana.
Stephen Reidlinger, Baton Rouge, for defendant-appellee EBR Parish Sheriff, Tax Collector.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
WATKINS, Judge.
These consolidated cases involve a parcel of land bearing the following description:
One certain lot or parcel of land in the Town of Zachary, Parish of East Baton *727 Rouge, State of Louisiana, being a portion of an eight (8) acre tract of land as purchased from Willie Travis, March 21, 1941, and the lot herein being transferred being described as follows: Beginning at the southwest corner of the lot purchased by John L. Kennedy on February 25, 1955, and running north along Y & MV Railroad property for a distance of eighty (80) feet by a depth of One Hundred Ten (110') feet between parallel lines, bounded on the north by Annetter Washington, on the east by Mable T. Washington, on the south by John L. Kennedy and on the west by Y & MV Railroad, this property now being designated on the official map of the Town of Zachary as Lot Number Six B (6B) of square eighty-six (86), Mable Washington Tract.
Leroy Davis and Clotel Moses acquired the tract by cash deed on December 18, 1973. Due to their failure to pay the property taxes assessed for 1974, the property was advertised and offered at a tax sale held on June 4, 1975, by J. Al Amiss, then Sheriff and Ex-Officio Tax Collector of East Baton Rouge Parish.[1] At this sale, the tract was adjudicated to the State of Louisiana pursuant to LSA-R.S. 47:2186.[2] United Financial Group, Inc. (United) acquired title to the property on January 10, 1978, by virtue of a sheriff's sale held in compliance with LSA-R.S. 47:2189.[3]
On March 5, 1979, United filed an action seeking to confirm title to the property in *728 accordance with LSA-R.S. 47:2228.[4] Approximately three months later, Davis and Moses filed a petition to annul the adjudication of the property to the state because of the tax collector's failure to notify them of the adjudication as mandated by LSA-R.S. 47:2186.
In his written reasons for judgment the trial judge found that the failure to give the required notice was a deprivation of property, without due process of law. He interpreted the notice provision of LSA-R.S. 47:2186 as giving the tax debtor one last chance to redeem his property or abandon it. Additionally, he nullified the adjudication to the state and granted Davis and Moses the right to redeem their property. From that judgment, the State and Amiss have appealed. Since United has not appealed or answered, the judgment of the trial court as to them is final.
The issue now before us is whether the failure of the tax collector to give the tax debtor notice that his property has been adjudicated to the state, as required by LSA-R.S. 47:2186, renders the adjudication a nullity. Finding that it does, we affirm the decision of the trial court.
Although not the "last chance" to redeem his property, the notice provision of LSA-R.S. 47:2186 does provide the tax debtor an opportunity to decide whether to retain or abandon his property. The statutes and constitutional articles pertinent to property adjudicated to the State favor the allowance of the tax debtor to redeem his property. For example, the tax debtor may redeem property adjudicated to the state as long as title remains with the state which time period may extend far past the three year prescriptive period for redemption in tax sales of property sold to private individuals. LSA-R.S. 47:2224. The tax debtor may still redeem his property even until the adjudicated property is to be sold by the state to a third party. LSA-R.S. 47:2189(E).
The favorable light in which redemption is held can be best understood by examining the overall intent of the tax sale laws. It should not be the policy of the state to become a landowner via its tax laws. Rather, the focus of the statutes should be directed towards the recovery of the revenues owed and the prompt return of the property to private ownership and control so that it may once again be placed on the *729 assessment rolls. Although the sale to United did occasion a somewhat prompt return of the property to private ownership, it was done without giving Davis and Moses the required notice of possession and an opportunity to redeem their property.
The language of the statute is clear in providing that the tax collector shall give notice of adjudication to the tax debtor and if the debtor be a resident of that parish, as are Davis and Moses, then such notice shall be in writing by actual service. Similar language was used in the predecessor to LSA-R.S. 47:2186, terming the notice provision an "imperative duty of the tax collector". See Acts 1910, No. 315, § 3.
La. Const. art. 1 § 2 provides that no person shall be deprived of his or her property except by due process of law. This provision tolerates nothing less than strict compliance with the procedures involved in divesting someone of his property. It is well established that proof of an inadequate property description, deficient advertisement, or improper notice of delinquency is sufficient to nullify a tax sale. We find no reason why the adherence given to the solemnities of the notice provisions in other tax sales should not be applied when property is adjudicated to the state. See, Hubbs v. Canova, 392 So.2d 486 (La.App. 1st Cir.1980); aff'd, 401 So.2d 962 (La. 1981). Compliance with the clear provisions concerning adjudication to the state is essential to transfer proper title to third party purchasers.
The statute does not require that notice be received by the tax debtor, only that it be given. In the present case, no efforts whatsoever were made by the collector to give the required notice.
Agreeing that failure to notify Moses and Davis of the adjudication of their property to the state was a violation of due process required to divest someone of his property, we affirm the decision of the trial court. Because the state could not properly vest title in United, Moses and Davis are entitled to the redemption of their property. Costs of this appeal are to be borne by appellants.
AFFIRMED.
NOTES
[1] The parties are in agreement that the required notices and advertisements were properly given by the tax collector prior to the property being offered at this tax sale.
[2] LSA-R.S. 47:2186 provides:

The bid to be accepted in tax sales shall be at least equal to the taxes, costs and interest; otherwise, the tax collector shall bid in the property for the state, and shall not readvertise the property or properties so adjudicated to the state for sale, unless the same has been redeemed. In the case of adjudication to the state, the tax collector shall make out and record a title deed, as in sales to individuals, and forward a copy of the sale deed to the auditor. If he fails to deposit the act for record or to forward a copy thereof to the Register of the State Land Office as and within the time provided by law, he shall be guilty of nonfeasance in office and, upon conviction, shall be dismissed therefrom.
The tax collector shall, immediately after the adjudication to the state, or at as early a date thereafter as possible notify the tax debtor in writing whether by actual service in case of residents, by mail in case of nonresidents whose post office address is known, and by one publication in a newspaper of the parish wherein he exercises his function in case of unknown owners and nonresidents whose post office address is unknown, that within thirty days he will take actual corporeal possession of the property so adjudicated. After the lapse of the delay, he shall take possession of all property bid in for and adjudicated to the state for unpaid taxes, and to this end he shall command the services of the district attorney who shall immediately proceed by direct suit, or otherwise as may be proper to obtain possession of such property. Suits shall be instituted in the name of the Register of the State Land Office, triable by preference over all other civil suits both in lower and upper courts and prosecuted without costs of court to the state. The sheriff upon taking or being placed in possession as herein provided by judgment of court, shall notify the facts to the Register of the State Land Office who shall lease or rent the property bid in for and adjudicated to the state and shall collect the rental. All moneys thus paid into the state treasury shall go into the general fund. For all moneys so paid, the Register of the State Land Office shall receive a commission of five per centum (5%).
[3] At the time of this sale LSA-R.S. 47:2189 stated in pertinent parts:

A. (1) Whenever any person desires to purchase any unredeemed property bid in for and adjudicated to the state for unpaid taxes due subsequent to the first day of January, 1880, he shall, with an application to purchase, deposit with the Register of the State Land Office the sum of thirty-five dollars except the parish of Orleans, which shall be the sum of sixty dollars as evidence of good faith in the application.
. . . . .
E. If at any moment before the actual adjudication takes place the tax debtor, his heir, administrator, executor, assign or successor, shall pay to the sheriff all taxes and interest due upon the property to the state, the parish and municipality in which it is situated, as well as all such taxes as may be due thereon to any levee, drainage, road or school district and other public instrumentality, as well as twenty per centum (20%) thereof added thereto and all interest and costs, then the adjudication shall be made by said sheriff to the tax debtor, his heir, administrator, executor, assign or successor, as the case may be, by preference over all other bidders even though they had bid larger sums.
[4] The procedure to quiet or confirm tax titles is provided in LSA-R.S. 47:2228 as follows:

After the lapse of three years from the date of recording the tax deed in the conveyance records of the parish where such property is situated, the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former proprietor or proprietors of the property, in which petition must appear a description of the property, mention of the time and place of the sale and name of officer who made same, reference to page of record book and date of recording tax deed, notice that petitioner is owner of the said property by virtue of said tax sale, and notice that the title will be confirmed unless a proceeding to annul is instituted within six months from date of service of the petition and citation. This suit shall be brought in the parish where the property is situated unless it lies in two or more parishes, in which case this suit may be instituted in either of such parishes. The petition and citation shall be served as in ordinary suits; provided, that if the former proprietor be a nonresident of the state, or unknown, or his residence be unknown, the court shall appoint a curator ad hoc to represent him and receive service, and said curator shall receive for his services a reasonable fee to be fixed by the court in each suit, the same to be taxed as costs of suit. After the lapse of six months from the date of service of petition and citation, if no proceeding to annul the sale has been instituted, judgment shall be rendered quieting and confirming the title.
In all cases where tax titles have been quieted by prescription of five years under the provisions of Section 25 of Article VII of the Constitution of 1974, the purchaser or his heirs or assigns may, if he or they so desire, either obtain a judgment of the court confirming the title by suit in the manner and form as hereinabove set out, except that the delay for answer shall be ten days instead of six months, or the purchaser or his heirs or assigns may, at his or their option, quiet the title by monition proceeding, as provided by law relative to sheriffs' sales and tax sales; provided that the failure to bring suit shall in no manner affect such prescriptive titles.
Nothing in this Section shall be construed to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed.