564 So.2d 775 (1990)
Leroy COLVIN & Mid State Homes, Inc., Appellees,
v.
Ivory G. FERGUSON & Leslie Ferguson, Appellants.
No. 21557-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1990.
Cusimano & Aswell by Harold W. Aswell, Farmerville, for appellants.
Jones, Tete, Nolan, Hancey, Swift & Spears by Charles N. Harper, Lake Charles, for appellees.
Before HALL, SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The defendants, Ivory G. Ferguson and Leslie Ferguson, appeal a summary judgment *776 granted in favor of the plaintiffs, Leroy Colvin and Mid State Homes, Inc. We affirm the trial court judgment.

FACTS
This suit concerns the tax sale of a tract of immovable property located in Union Parish. The plaintiffs are Mid State Homes, Inc., [Mid State] the mortgage holder on the property, and Leroy Colvin, the record owner of the property. The defendants are Leslie and Ivory Ferguson, who bought the property at a tax sale.
In January, 1981, Mid State purchased the property from Willie Lee Driver and Rosie Driver. This sale was evidenced by a cash sale deed recorded in the parish conveyance records. In August, 1981, Mid State sold the property to Leroy Colvin. Mid State retained a vendor's lien and special mortgage covering the property. The act of sale, with vendors lien and special mortgage, was duly recorded in the conveyance and mortgage records of the parish. Immediately after this sale, Mr. Colvin began living on the property.
In October, 1981, the Union Parish tax roll, showing delinquent taxes on the property for the year 1981, was filed with the Union Parish Clerk of Court's office. On this tax roll, the property at issue was shown as being assessed to Rosie Driver.
On February 26, 1982, notice was sent to Rosie Driver that the property was to be sold for nonpayment of taxes. No such notice was sent to Leroy Colvin. The property was advertised on April 22, 1982. On June 9, 1982, Ivory and Leslie Ferguson purchased the property at the tax sale. Later, Ivory Ferguson donated his interest in the property to Leslie Ferguson.
On May 5, 1987, Leslie Ferguson wrote to Leroy Colvin, advising him of the tax sale and subsequent donation. The letter also notified Mr. Colvin to vacate the property within 30 days.
On July 29, 1987, Mid State and Leroy Colvin filed suit to annul the tax sale, claiming the sale was void due to failure to give notice to the record landowner that the property was to be sold for unpaid taxes.
On September 8, 1987, the defendants filed exceptions of no right of action and of prescription. The defendants contended that notice of the impending tax sale was given to the person listed on the tax rolls as owner, and that was all that was required for the validity of the sale. The defendants also contended that the plaintiffs had failed to timely institute this action to set aside the tax sale.
On October 16, 1987, the plaintiffs filed a motion for summary judgment seeking to annul the tax sale. The plaintiffs contended that notice of the tax sale must be sent to the record owner of the property, regardless of the party to whom the taxes are assessed. Therefore, they argued that the sale was invalid. In addition, the plaintiffs argued that, because Colvin was in peaceful, physical possession of the property for approximately six years after the tax sale, the five year period in which to object to the sale was interrupted.
Mr. Colvin filed a supporting affidavit stating that at no time did he receive notice of the tax sale and that he had resided on the property for approximately six years without being dispossessed or otherwise having his possession interrupted. The defendants did not file a counter-affidavit or otherwise attempt to dispute the statements made by Mr. Colvin in his affidavit.
On March 7, 1988, a hearing was held on the motion for summary judgment. On October 14, 1988, the trial court issued written reasons granting the motion for summary judgment. The court resolved the dispute on the basis of two legal issues. The first issue was whether the plaintiffs were entitled to assert the nullity of the tax sale. The second issue was whether the tax sale was valid. With regard to the first issue, the court found that the legal prescriptive period had not begun to run against Mr. Colvin because he was never dispossessed of the property. Therefore, Mr. Colvin was entitled to assert the nullity of the sale. The court also found that the tax sale was null due to failure to send notice of the tax sale to Mr. Colvin, the *777 record owner of the property. A judgment granting the motion for summary judgment was signed April 26, 1989.
The defendants have appealed the summary judgment, claiming that the trial court erred in finding that the five year prescriptive period had been interrupted and in failing to find that the plaintiffs were barred by prescription from attacking the validity of the sale. The defendants argue that the issue of the interruption of the prescriptive period presents a question of fact and therefore, the trial court erred in granting the motion for summary judgment.

DISCUSSION
The provisions of Louisiana Constitution Article VII, § 25(C) establish a five year prescriptive period within which a tax debtor may seek to set aside a tax sale. This five year prescriptive period is suspended by the tax debtor's continued possession of the property. Securities Mortgage Co., Inc. v. Triplett, 374 So.2d 1226 (La.1979); Cook v. Morgan, 142 So. 279 (La.App. 2d Cir.1932); Collins v. Quinn, 366 So.2d 209 (La.App. 2d Cir.1978); Catania v. Stuart, 512 So.2d 1189 (La.App. 1st Cir.1987), writ denied 508 So.2d 71 (La. 1987); Childress v. Johnson, 387 So.2d 1217 (La.App. 1st Cir.1980), writ denied 393 So.2d 744 (La.1980); LSA-R.S. 47:2226.
In the instant case, Leroy Colvin successfully showed that he continued to live on the property at issue since purchasing the property in 1981. Mr. Colvin filed an affidavit asserting that he had lived on the property for approximately six years without being dispossessed or having his possession interrupted in any way. The defendants presented no counter affidavit or other evidence to refute Mr. Colvin's statement. Therefore, as the trial court correctly noted, the five year prescriptive period for annulling the tax sale did not run against Mr. Colvin due to his continuous possession of the property.
Because the prescriptive period did not begin to run against Mr. Colvin, he is free to assert the invalidity of the sale due to lack of proper notice. The trial court was also correct in finding that the sale was a nullity because Mr. Colvin, the record owner, did not receive notice.
In Hines v. Dance, 460 So.2d 1152 (La. App. 2d Cir.1984), this court held that notice of a tax delinquency to the person designated as owner on the tax assessor's roles is not sufficient to support a tax deed if the conveyance records show that another person is the owner. See LSA-R.S. 47:2180(A). In this case Mr. Colvin received no notice. Instead, the notice was sent to Rosie Driver in whose name the property was assessed. Thus, the trial court was correct in granting summary judgment annulling the tax sale.
Finally, we note that in 1985, the Legislature amended LSA-R.S. 47:2180 to guard against the kind of notice problem presented in this case. The law now provides that within thirty days after a tax sale, or as soon thereafter as possible, the tax collector shall research the records of the clerk of court for transfers of all property sold at tax sales. Within thirty days of finding a transfer of property sold at a tax sale, the tax collector shall attempt to serve the new owner with a certified notice that the property was sold and include in the notice the amount necessary to redeem the property.

CONCLUSION
For the reasons set forth above, the trial court correctly concluded that the action to annul the tax sale had not prescribed, and that proper notice was never given. Accordingly, summary judgment annulling the tax sale and revesting title to the property at issue in Leroy Colvin was proper. Appellants are assessed for all costs.
AFFIRMED.