Dear Mr. Kent:
You have asked for an opinion from this office concerning the validity of a prior tax adjudication of immovable property for the non-payment of 1986 taxes.
Briefly, certain immovable property was adjudicated: to the State on June 17, 1987 for the non-payment of 1986 taxes. The tax debtor received notice of delinquency and pending tax sale as required by L.R.S. 47:2180 but there is some question as to whether the mortgagee, a local bank that had gone into receivership, ever received notice either from the tax collector or the tax debtor.
Moreover, we are certain that the liquidator, Federal Deposit Insurance Corporation, did not receive notice because if it had, as has been stated on several occasions, it would have promptly paid the taxes due.
The property was held until June 26, 1991, at which time it was sold by public auction to a third party purchaser in accordance with L.R.S. 47:2189. A patent was issued to the purchaser on July 25, 1991.
The original tax adjudication is now being questioned and after a review of the facts as related to us and an examination of the law, it is our opinion that the original tax adjudication is null and void as a deprivation of property without due process of law. Accordingly, we believe the original tax debtor is entitled to redeem the property inasmuch as the State was unable to properly vest title through the patent it issued in 1991.
Article I, Section 2 of the 1974 Constitution provides that no person shall be deprived of his property except by due process of law. It has been held that this provision tolerates nothing less than strict compliance with the procedures involved in divesting someone of his property. United Financial Group, Inc. v. Davis, 481 So.2d 726 (1st Cir. 1985). "Procedural due process" in our context means "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank Trust Co., 339 U.S. 306, 70 S.Ct. 652 (1950).
The law provides for two (2) notices to be sent to the tax debtor in order to satisfy procedural due process. The first notice is contained in L.R.S. 47:2180 which provides that the delinquent tax debtor be notified that his taxes are due and if not paid his property may be sold within twenty (20) days from the date of the notice. The second notice, which is just as important, is contained in L.R.S. 47:2186 and provides that the tax collector must also notify the tax debtor after a tax sale that the tax debtor's property has been adjudicated to the State and that the tax collector will take physical possession of the property within thirty (30) days.
These two (2) notices must also be sent to the mortgagees. L.R.S. 47:2180.1 requires that the first notice be served upon any mortgagee who has informed the tax collector of its properly recorded mortgage. As to the second notice, although there is no statutory duty to inform the mortgagee that the tax debtor will be dispossessed within thirty days, the case of Mennonite Board of Missions v. Adams, 105 S.Ct. 791, 77 L.Ed.2d 180
(1983) makes it abundantly clear that mortgagees have a constitutionally protected property interest which is entitled to the same procedural safeguards as the tax debtor and thus we believe that mortgagees are likewise entitled to the second notice as well.
The notice requirements under these statutes only require the tax collector to take reasonable steps of notification such as mailing by certified mail to the last known address. Dennis v. Vanderwater,498 So.2d 1097 (3rd Cir. 1986). There is no requirement that the tax debtor actually receive the notice.
Although there is some doubt as to whether all interested parties received or were notified of the first notice it is clear that neither the tax debtor nor the mortgagee was notified pursuant to L.R.S. 47:2186. The failure to send this second notice as required by this statute renders the subsequent public sale of the property null and void.
L.R.S. 47:2186 is clear in that it requires that the tax collector shall immediately after the adjudication to the State notify the tax debtor in writing that within thirty days he, the tax collector, will take actual corporeal possession of the property so adjudicated. This statute does not leave any room for discretion on the part of the tax collector. In clear language it states that the tax collector shall give notice of the adjudication. A similar situation occurred in United Financial Group, Inc., v. Davis, supra, wherein the tax debtor was not notified by the tax collector subsequent to the adjudication and the property was later sold at public auction. In discussing the effect of the failure of notification under L.R.S. 47:2186, the court noted at page 729:
 . . . We find no reason why the adherence given to the solemnities of the notice provisions in other tax sales should not be applied when property is adjudicated to the state. [Citations omitted]. Compliance with the clear provisions concerning adjudication to the state is essential to transfer proper title to third party purchasers.
The court in United Financial Group, supra, allowed the original tax debtor to redeem the property which result we believe is controlling here.
Consequently, we advise that a tax debtor is entitled to notice of a pending tax sale pursuant to L.R.S. 47:2180 as well as notice subsequent to the adjudication in accordance with L.R.S. 47:2186. There is no requirement that notice be actually received by the tax debtor only that it be given. Moreover, mortgagees are entitled to notice of the pending tax sale as well as the subsequent notice after the tax adjudication because mortgagees have a vested property interest that is constitutionally protected and subject to procedural due process. L.R.S. 47:2180.1; Mennonite v. Adams, supra.
Since the Sheriff failed to provide the required notice to either the tax debtor or the mortgagee pursuant to L.R.S. 47:2186 then the original tax debtor is entitled to redeem the property in accordance with the decision rendered in United Financial Group, Inc. v. Davis, supra.
If we may be of further service in this matter, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: DAVID C. KIMMEL Assistant Attorney General
DCK/vrr