YELVERTON, Judge.
The issue presented by this appeal is whether a tax sale is absolutely null when notice of delinquent taxes and the tax sale was not given to the record owner of the property.
The State of Louisiana, through the DOTD (DOTD), in 1988 filed a petition for expropriation of a small piece of land in Rapides Parish. Unsure of who owned the land, it named as defendants Lacey and Mary Knight, John and Jean Navarre, the Lizzie Cleveland Estate, the Charles C. Cleveland Estate, and any unknown heirs. The Navarre/defendants petitioned for a declaratory judgment to determine ownership. The trial court found that the Knights were the owners of the property by virtue of their tax deed. The Navarres appeal. We reverse and render judgment declaring that the Na-varres are the owners.

FACTS

All facts were stipulated. On May. 15, 1975, John Navarre bought the property at a tax sale because the Lizzie Cleveland Estate failed to pay taxes in 1974. A tax deed was issued to the Navarres and recorded in the conveyance records of Rapides Parish. Thereafter, in 1975, 1976, and 1977 the taxes continued to be assessed to the Lizzie Cleveland Estate. The Navarres were never given notice of the delinquent taxes for those years. On May 10, 1978, the property was sold at tax sale to Lacey Knight because the taxes had not been paid in 1977. The Na-varres were never given notice of the tax sale. Mr. Knight continued to pay the taxes from 1978 to 1984. Nobody possessed the property.

THE TRIAL COURT

The trial court found that proper notice of delinquent taxes had been given as required by the law in 1978. The court found that the Navarres failed to redeem the property within three years from the tax sale in 1978. The trial court found that the Navarres did not attack the validity of the tax sale within the peremptive period of five years from the 1978 tax sale. For these reasons the trial court declared the Knights to be owners of the contested property.

OPINION

La. Const, art. VII, § 25(C) provides a five-year peremptive period within which a tax debtor or his suecessor(s)-in-title may seek to set aside a tax sale. The law used to be that there were only three causes for which a debtor could set aside a sale of property for taxes after the lapse of five years after date of registration of the tax deed: (1) prior payment of taxes, (2) continued physical possession by the debtor, and (3) no assessment. Gulotta v. Cutshaw, 283 So.2d 482 (La.1973).
A sale made pursuant to an assessment in the name of a person who was not the owner of the property was held not to prevent the running of the five-year peremptive period. Gulotta v. Cutshaw, 283 So.2d at 492. It was generally held when Gulotta v. Cutshaw was written that lack of notice was a relative nullity, cured by the three and five-year prescriptive periods provided by then La. Const, art. X, § 11 (now art. VII, § 25(C)), and the statutes enacted by the legislature from time to time. Warner v. Garrett, 268 So.2d 92 (La.App. 1st Cir.), writ denied, 263 La. 987, 270 So.2d 123 (1972).
The effect of Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, *716 77 L.Ed.2d 180 (1983), which elevated notice to a due process level, has caused the First, Second and Third Circuits of this state to believe that lack of notice is an absolute nullity. In Murphy v. Estate of Sam, 527 So.2d 1190 (La.App. 3d Cir.1988), this circuit held that the failure to give notice of delinquency and the tax sale to the record owner rendered the tax sale null and void. Quoting Murphy, the First Circuit in Drury v. Watkins, 546 So.2d 1280 (La.App. 1st Cir.), writ denied, 551 So.2d 1323 (La.1989), held that the failure to give notice to the record owner was a violation of due process and that the tax sale was void. The Second Circuit in Colvin v. Ferguson, 564 So.2d 775 (La.App. 2d Cir.1990), expressed the view that notice of a tax delinquency to the person designated as owner on the tax assessor rolls is not sufficient to support a tax deed if the conveyance records show that another, person is the owner, citing LSA-R.S. 47:2180(A).
We follow these holdings. We hold that the tax sale to Knight in 1978 was absolutely null for failure to give notice to the record owners, the Navarres, of the delinquency and of the tax sale.
We point out, as did the court in Colvin v. Ferguson, 564 So.2d at 777, that in 1985 the legislature amended LSA-R.S. 47:2180 to guard against the kind of notice problem presented in this case. The law now provides that within 30 days after a tax sale, or as soon thereafter as possible, the tax collector shall research the records of the clerk of court for transfers of all properties sold at tax sales.
For the reasons assigned, the judgment of the trial court declaring Lacey and Mary Knight to be the owners of the property herein, and entitled to the proceeds for its expropriation, is reversed and set aside. Judgment is further rendered declaring the Navarres owners of the property conditioned on their payment of the amounts required by law, and entitled to the proceeds on deposit in this expropriation proceeding.
REVERSED AND RENDERED.