Dear Ms. Curry:
On behalf of the City of New Iberia, your predecessor, Mayor Ruth Fontenot, requested the opinion of our office with regard to whether the City has the authority to allow for redemptions of tax sale properties after the running of the three-year redemption period following adjudication of the property to the City. Additionally, you have requested guidance as to what procedures may be employed to sell, donate, or use adjudicated properties. Finally, in a separate, but related question, you have asked if the procedure for allowing for redemption after the tolling of the three-year redemptive period as discussed in Attorney General Opinion 91-663, when the tax debtor was not given proper notice of the delinquency, is proper and if it is not, what actions can be taken to cure or cancel the tax sales.
Redemptions by the tax debtor after adjudication must be allowed for three years following the recordation of the tax sale. La. Const. Art. VII, Sec. 25. During this three-year period, these properties are redeemable by paying the various costs and penalties that are associated with the adjudicated property. Id. Though the Constitution and the Revised Statutes contain a time limit during which the tax debtor must be allowed to redeem the property, id. and La.R.S. 47:2221 et seq., there is no law on when the tax debtor must be refused if they want to redeem after the three year redemption period. According to La.R.S. 47:2224, a municipality shall allow the tax debtor to redeem property beyond the end of the three-year redemption period as long as the property has not been sold or contracted to be sold at the time of the redemption. Therefore, it is the opinion of this office that a municipality does not have to bar redemption of property by the tax debtor after the tolling of the three-year redemption period. However, if the three-year redemption period has run and the adjudicated lands have been sold at a tax
sale, the tax sale purchaser can follow a procedure to quiet title to the property. This mechanism, outlined in La.R.S. 47:2228, does allow for the tax debtor to be cut off from
redemption. Briefly, following the lapse of the three-year redemption period, a tax sale purchaser may institute a suit to quiet the tax title. The tax debtor has, once such a suit has been filed, six months in which to annul the sale for prior payment of taxes due. If no such annulment is filed by the end of the six month period, a judgment shall be rendered quieting and confirming the purchaser's title to the property. La.R.S. 47:2228.
The tax debtor may, as mentioned above, also attempt to annul a tax sale based on prior payment of taxes due under La. Const. Art.VII, Sec. 25(C) and La.R.S. 47:2226 and 47:2227. Tax debtors have five years in which to institute a suit to annul a tax sale for unpaid taxes. La. Const. Art. VII, Sec. 25(C). This period may run concurrently with the three-year redemptive period. However, the five-year annulment period does not commence until after the tax debtor has been corporeally dispossessed of the property. La.R.S. 47:2226. If no suit to annul or to quiet a tax sale has been brought by the end of the five-year annulment period, the purchaser may file a suit or a monition proceeding to quiet title. The delay for answering a suit to quiet title after the tolling of the five-year annulment period is only ten days. La.R.S. 47:2228.
Although it may appear that a tax sale can be absolutely quieted at the end of the fifth year following recordation, there is a possibility that the prescriptive period for the five-year annulment may not run concurrently with the three-year redemptive period. Such a scenario could occur if, following recordation of a tax sale, the tax debtor is not immediately corporeally dispossessed of the property. In such a situation, the five-year annulment period would not begin until such dispossession has occurred. La.R.S. 47:2226. Theoretically, if a tax debtor is not relieved of possession until after the tolling of the three — year redemptive period, then the period to annul the sale will not run until the eighth year following the recordation of the tax sale. This delay may even be extended by an additional six months if dispossession does not occur until after the six month period for answering the action to quiet title following the end of the redemptive period.
Based on the foregoing review, it is the opinion of this office that a municipality has the authority to allow for the redemption of adjudicated property beyond the tolling of the three-year redemptive period. Additionally, though the five-year annulment period may end anywhere from five to eight and a half years after the recordation of the tax sale, a municipality is not restricted from allowing the tax debtor to redeem their property, either during or after, the annulment period. Any such redemption must simply follow the procedures for redeeming tax delinquent property as set forth in La.R.S. 47:2224 or 47:2225 and will only be limited, following the end of the redemptive period, by the sale or contract to sell the adjudicated property.
Adjudicated property may be sold, donated, or used by the adjudicating municipality, subject to certain limitations. Generally, a "municipality may sell, lease for a term of up to ninety-nine years, exchange, or otherwise dispose of any property which is, in the
opinion of the governing authority, not needed for public purposes." La.R.S. 33:4712(A). Such a disposition of property must be pursuant to an ordinance that contains the reasons for the disposition, a minimum price, and the terms of the disposition. La.R.S. 33:4712(B). For specific procedural requirements for disposing of such property, we direct you to La.R.S. 33:2864 et seq. Donations of adjudicated properties are somewhat more restricted. Under La. Const. Art. VII, Sec. 14(B)(6), "the donation of abandoned or blighted housing property by the governing authority of a municipality or a parish to a nonprofit organization which is recognized by the Internal Revenue Service as a 501(c)(3) or 501(c)(4) nonprofit organization and which agrees to renovate and maintain such property until the conveyance of the property by such an organization" is permitted. This permission is a deviation from the general prohibition against donating state property under La. Const. Art. VII, Sec. 14. Thus, as to donations, adjudicated property can only be disposed of to a 501(c)(3) or 501(c)(4) nonprofit organization that intends to renovate the property. See also La.R.S. 33:4717.3. For specific procedural requirements for disposing of such property, we direct you to La.R.S. 33:4720.29 et seq. As to the use of adjudicated property by a municipality, according to Attorney General Opinion 91-530, property adjudicated to political subdivisions of the State subsequent to 1974 is under the authority of those subdivisions to administer. However, there are limitations to the extent to which these properties may be used. The properties may be leased by the municipality, with the rentals being used to pay down the tax debtor's obligation to the adjudicating body. La.R.S. 33:2862. Once those obligations have been repaid, the property must be returned to the tax debtor. La.R.S. 33:2864(A). Additionally, the municipality, may, after the end of the redemptive period, sell the tax debtor's property pursuant to La.R.S.33:2861 et seq. There is no provision in the Revised Statutes that allows for an adjudicating political subdivision to put property to any use it sees fit. Rather, it is our opinion that such property must be used in a manner calculated to repay the political subdivision for the charges incurred by the tax debtor. For the specific procedures and other matters related to use, we direct you to La.R.S. 33:2861 et seq.
Attorney General Opinion 91-663 remains valid as to the issues of redemption and notice with regard to adjudicated properties. By way of review, Article VII, Sec. 25 of the Louisiana Constitution of 1974 mandates that, "at the expiration of the year in which the taxes are due, the [tax] collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due." Pursuant to this provision of the Constitution, the Legislature enacted La.R.S. 47:2180 and 41:2180.1. These statutes set forth the procedures for notifying property owners who are delinquent in paying their taxes and mortgagees with a properly recorded interest in the property. Louisiana Revised Statute 47:2180(A)(1)(a) provides that, in pertinent part, " the tax collector shall address to each taxpayer who has not paid all the taxes written or printed notice that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law." This statute further provides that such notices must be sent each year following the original notice of delinquency until such a time as the redemptive period has expired. La.R.S.
47:2180(A)(1)(b). The notice must be sent by certified mail with return receipt requested. La.R.S. 47:2180(B). However, there is no requirement that the tax debtor actually receive the notice, only that it is sent. Id. Additionally, following an adjudication of the tax debtor's property to the State, the tax collector shall "notify the tax debtor in writing that within thirty days he will take actual corporeal possession of the property so adjudicated " La.R.S. 47:2186. Further, in the interest of due process, the tax collector must send the same two notices, in the same manner as for the property owner, to every person that holds a properly recorded mortgage on the immovable property, and who have notified the tax collector of the mortgage, for which the taxes are delinquent. These individuals must be informed that the taxes on the property must be paid within twenty days. La.R.S. 2180.1; Attorney General Opinion 91-663. It is our opinion that the failure to so notify the tax debtor and the mortgagees is an abridgement of those individuals' due process and statutory rights and that such a failure would have the effect of nullifying any subsequent tax sale of the adjudicated property. This position is supported by more than a century's worth of case law. See e.g., LeBlanc v. Blodgett, 34 La. Ann. 107 (1882);Colvin v. Ferguson, 564 So.2d 775 (App. 2 Cir. 1990). Further, the redemptive period on tax delinquent property does not begin to run until proper notice has been sent. Thus, the failure to properly notify the tax debtor or the mortgagee allows these individuals the right to redeem the property and/or to attack the validity of the tax sale after the three-year redemption period and the five-year annulment period have run. State Through Dept.of Transp. Development v. Knight, 631 So.2d 714 (La.App. 3 Cir. 2/2/94). Based upon the foregoing review, it is the opinion of our office that Attorney General Opinion 91-663 remains valid and adequately outlines the proper procedure with respect to the notice requirements for adjudicated property and that that opinion, in conjunction with the review set forth herein should continue to serve as guidance on such matters of notice.
We hope this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
Sincerely yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: _______________________
 RYAN M. SEIDEMANN Assistant Attorney General
CCF, Jr./RMS/tp
OPINION NUMBER 91-530
Mr. Glen Kent Attorney General of Louisiana — Opinion October 11, 1991
Mr. Glen Kent Public Land Administrator State Land Office Division of Administration P.O. Box 44124 Baton Rouge, LA 70804 Attn: Mr. Bobby M. Freyou
WILLIAM J. GUSTE, JR.
Dear Mr. Kent:
As Public Land Administrator, you have asked this Office for an opinion concerning an apparent conflict between certain statutes pertaining to the administration of tax adjudicated land subsequent to 1974.
By way of review, we are aware that by virtue of Act No. 612 of 1974, the parishes, in name only, became the adjudicatees with respect to the seizure and sale of immovable property for delinquent taxes. In all other respects, the State Land Office remained the agency for the administration and management of tax adjudicated property subsequent to 1974 although the parishes were given a limited right to acquire full ownership and possession thereof upon a declaration that the property was needed for a valid public purpose. L.R.S. 47:2258.
In 1989, the State Land Office was removed altogether as the administrative agency and replaced by the sheriffs of the respective parishes whose responsibility over tax adjudicated property is considered complete including the authority to redeem same if the tax debtor comes forward during the redemptive period. However, after the redemptive period, the property is to be turned over to the State Land Office so that the State, as owner, shall _lease, transfer, or sell the property as provided by law.L.R.S. 47:2260.
Although this requirement to turn the property over to the State Land Office has never been specifically repealed, it appears that more recent Legislation has been enacted which gives local governmental bodies plenary authority to administer and manage tax adjudicated property adjudicated to them subsequent to 1974 without the necessity of transferring this property to the State Land Office in any respect.
For instance, in order to collect its back taxes, liens, and other charges due, a parish or municipality may gain possession of tax adjudicated property, through court order, and, without the necessity of public bid lease or rent the property and collect the rentals therefrom. L.R.S. 33:2862. Once all back charges have been collected and all the obligations have been paid in full, the parish or municipality must issue a certificate of redemption and surrender possession of the property to the tax debtor. L.R.S. 33:2864(A).
Moreover, after the redemption period, the parish or municipality may sell the property in accordance with L.R.S. 33:2867-2869 which sale will be considered beyond attack after the lapse of one (1) year from the date of the registry in the conveyance office of the deed to the purchaser. L.R.S. 33:2872.
In light of this latest legislation, you have asked what jurisdiction, if any, your office has over tax adjudicated property adjudicated to local governmental bodies after 1974.
After review by this office of these statutes, we are of the opinion that local political subdivisions now have complete authority for the administration and management of tax adjudicated property subsequent to 1974. It is quite apparent that the new legislation has repealed by implication any previous legislation wherein the State Land Office was given limited responsibility for the sale of tax adjudicated property.
Although two (2) statutes addressing the same subject matter should be reasonably construed together if possible (La. C. C. art. 17) where there is an irreconcilable conflict, one statue must prevail. State v. St. Julian, 221 La. 1O18, 61 So.2d 464
(1952). In our opinion, a statute which requires a local political subdivision to transfer tax adjudicated property to the State Land Office for disposition after the redemption period and one which grants the same local body the authority to sell such property and execute all the necessary deeds and warranties pursuant to said sale are inapposite. Thus, as the latest expression of legislative will, Act No. 961 of 1990 (L.R.S.33:2861, et seq.) granting parishes and municipalities authority over the administratio and management of tax adjudicated property after 1974 including the MR. GLEN KENT responsibility and authority to not only lease this property without public bid but to sell same after the redemptive period must previal and thus your office no longer has jurisdiction over this property.
If we may be of further services in this matter, please advise.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
By: ______________________________
 DAVID C. KIMMEL Assistant Attorney General
DCk/vrr
OPINION NUMBER 91-663
Mr. H. Glen Kent, Jr. Attorney General of Louisiana — Opinion March 30, 1992
159 — TAXATION — Sale of Land for Delinquent Taxes
The tax collector is required to notify the tax debtor both before and after a tax adjudication. A mortgagee is also entitled to such notice. Failure to notify the tax debtor or his mortgagee either before or after a tax adjudication renders the adjudication null and prevents the State from properly vesting title in a third party purchaser.
L.R.S. 47:2180 L.R.S. 47:2186 L.R.S. 47:2180.1
Article I, Section 2, 1974 Constitution
United Financial Group, Inc. v. Davis, 481 So.2d 726 (1st Cir. 1985)
Mullane v. Central Hanover Bank Trust, 339 U.S. 306,70 S.Ct. 652 (1950)
Mennonite Board of Missions v. Adams, 105 S.Ct. 791,77 L.Ed.2d 180 (1983)
Dennis v. Vandawater, 498 So.2d 1097 (3rd Cir. 1986)
Mr. H. Glen Kent, Jr. Public Lands Administrator Division of Administration State of LOUISIANA P.O. Box 44124 Baton Rouge, LA 70804
Attn: Mr. Bobby Freyou
Richard P. Ieyoub
Dear Mr. Kent:
You have asked for an opinion from this office concerning the validity of a prior tax adjudication of immovable property for the non-payment of 1986 taxes.
Briefly, certain immovable property was adjudicated to the State on June 17, 1987 for the non-payment of 1986 taxes.[1] The tax debtor received notice of delinquency and pending tax sale as required by L.R.S. 47:2180 but there is some question as to whether the mortgagee, a local bank that had gone into receivership, ever received notice either from the tax collector or the tax debtor. Moreover, we are certain that the liquidator, Federal Deposit Insurance
Corporation, did not receive notice because if it had, as has been stated on several occasions, it would have promptly paid the taxes due. The property was held until June 26, 1991, at which time it was sold by public auction to a third party purchaser in accordance with L.R.S. 47:2189. A patent was issued to the purchaser on July 25, 1991.
The original tax adjudication is now being questioned and after a review of the facts as related to us and an examination of the law, it is our opinion that the original tax adjudication is null and void as a deprivation of property without due process of law. Accordingly, we believe the original tax debtor is entitled to redeem the property inasmuch as the State was unable to properly vest title through the patent it issued in 1991.
Article I, Section 2 of the 1974 Constitution provides that no person shall be deprived of his property except by due process of law. It has been held that this provision tolerates nothing less than strict compliance with the procedures involved in divesting someone of his property. United Financial Group, Inc. v. Davis, 481 So.2d 726 (1st Cir. 1985). "Procedural due process" in our context means "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank 
Trust Co., 339 U.S. 306, 70 S.Ct. 652 (1950).
The law provides for two (2) notices to be sent to the tax debtor in order to satisfy procedural due process. The first notice is contained in L.R.S. 47:2180 which provides that the delinquent tax debtor be notified that his taxes are due and if not paid his property may be sold within twenty (20) days from the date of the notice. The second notice, which is just as important, is contained in L.R.S. 47:2186 and provides that the tax collector must also notify the tax debtor after a tax sale that the tax debtor's property has been adjudicated to the State and that the tax collector will take physical possession of the property within thirty (30) days.
These two (2) notices must also be sent to the mortgagees. L.R.S. 47:2180.1 requires that the first notice be served upon any mortgagee who has informed the tax collector of its properly recorded mortgage. As to the second notice, although there is no statutory duty to inform the mortgagee that the tax debtor will be dispossessed within thirty days, the case of Mennonite Board of Missions v. Adams, 105 S.Ct. 791, 77 L.Ed.2d 180 (1983) makes it abundantly clear that mortgagees have a constitutionally protected property interest which is entitled to the same procedural safeguards as the tax debtor and thus we believe that mortgagees are likewise entitled to the second notice as well.
The notice requirements under these statutes only require the tax collector to take reasonable steps of notification such as mailing by certified mail to the last known address. Dennis v. Vanderwater, 498 So.2d 1097
(3rd Cir. 1986).
There is no requirement that the tax debtor actually receive the notice.
Although there is some doubt as to whether all interested parties received or were notified of the first notice it is clear that neither the tax debtor nor the mortgagee was notified pursuant to L.R.S. 47:2186. The failure to send this second notice as required by this statute renders the subsequent public sale of the property null and void.
L.R.S. 47:2186 is clear in that it requires that the tax collector shall immediately after the adjudication to the State notify the tax debtor in writing that within thirty days he, the tax collector, will take actual corporeal possession of the property so adjudicated. This statute does not leave any room for discretion on the part of the tax collector. In clear language it states that the tax collector shall give notice of the adjudication. A similar situation occurred in United Financial Group, Inc., v. Davis, supra, wherein the tax debtor was not notified by the tax collector subsequent to the adjudication and the property was later sold at public auction. In discussing the effect of the failure of notification under L.R.S. 47:2186, the court noted at page 729:
 . . . We find no reason why the adherence given to the solemnities of the notice provisions in other tax sales should not be applied when property is adjudicated to the state. [Citations omitted]. Compliance with the clear provisions concerning adjudication to the state is essential to transfer proper title to third party purchasers.
The court in United Financial Group, supra, allowed the original tax debtor to redeem the property which result we believe is controlling here. Consequently, we advise that a tax debtor is entitled to notice of a pending tax sale pursuant to L.R.S. 47:2180 as well as notice subsequent to the adjudication in accordance with L.R.S. 47:2186. There is no requirement that notice be actually received by the tax debtor only that it be given. Moreover, mortgagees are entitled to notice of the pending tax sale as well as the subsequent notice after the tax adjudication because mortgagees have a vested property interest that is constitutionally protected and subject to procedural due process. L.R.S. 47:2180.1; Mennonite v. Adams, supra.
Since the Sheriff failed to provide the required notice to either the tax debtor or the mortgagee pursuant to L.R.S. 47:2186 then the original tax debtor is entitled to redeem the property in accordance with the decision rendered in United Financial Group, Inc. v. Davis, supra.
If we may be of further service in this matter, please advise.
Very truly yours,
 Richard P. Ieyoub Attorney General
 By: David C. Kimmel Assistant Attorney General
[1] Although reference in this opinion is in the name of the State, the actual adjudicatee was the parish by virtue of Act 612 of 1974 Regular Session (L.R.S.47:2258).