(53 South. 731.)

No. 18,134.

PUTNAM & NORMAN, Limited, v. COOPER et al.

(Dec. 12, 1910.)

*(Syllabus by the Court.)*

1. FRAUDULENT CONVEYANCES (§ 265*) — SIMULATION—PLEADING.

One may pray, in the alternative, that a sale be decreed simulated, or, should it not be so held, that it be avoided for lesion beyond moiety.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 760; Dec. Dig. § 265.*]

2. DEEDS (§ 83*)—CONTRACT OF SALE—PAYMENT OF TAXES—RECORD.

The law prohibiting recorders and notaries from passing acts of sale of immovable property until evidence of the payment of past-due taxes is produced, under penalty of fine, is directed to those officers, and the courts cannot supply, as an additional penalty to be inflicted upon the parties to such acts, that the sales shall be stricken with nullity.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 83.*]

3. FRAUDULENT CONVEYANCES (§ 300*)—DEFENSES—VALUABLE CONSIDERATION — SIMULATION.

An action en declaration de simulation falls, where it affirmatively appears that there was a valuable consideration and a real transfer of title.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Dec. Dig. § 300.*]

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; G. H. Couvillon, Judge.

Action by Putnam & Norman, Limited, against Mary D. Cooper and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Coco, Couvillon & Coco and Robert P. Hunter & Sons, for appellant. J. C. Cappel and Lafargue & Lafargue, for appellees.

MONROE, J. On April 2, 1909, plaintiffs brought this suit to annul two sales, of August 27 and November 20, 1907, respectively, from Mrs. Mary D. Cooper to Dr. Currey Cappel, alleging that they were creditors of

Mrs. Cooper, under a judgment rendered in favor of Putnam & King, their predecessors, in April, 1908, and that the sales in question are simulated, or, if not simulated, are void for lesion beyond moiety, and because the notary failed, before passing the acts, to require proof of the payment of the taxes. Defendant objected that the action en declaration de simulation and the action to rescind for lesion beyond moiety are inconsistent with each other, and moved that plaintiff be required to elect; but the prayer of the petition is in the alternative, thus:

"But should the court declare that such sales are not simulated, * * * then your petitioner prays that said sales be annulled * * * on account of lesion * * * and on account of the nonproduction of the evidence of the previous payment of the taxes," etc.

—and we are of opinion that the motion was properly overruled.

On the merits: The evidence leaves no doubt as to the reality of the sales which are attacked. That of August 27, 1907, was made by notarial act for $15,000, of which, as the act recites, $4,750 were paid in cash, and for the balance the purchaser assumed an existing mortgage in favor of Mrs. Mary Hardy for $2,750, and gave his five promissory notes, of $1,500 each, payable in from one to five years. The sale of November 20, 1907, was also made by notarial act, and the recited consideration was $4,972, of which $1,592, according to act, was paid in cash, and, for the balance, the purchaser assumed an existing mortgage in favor of the Citizens' Bank for $3,193.35. Not only does the evidence fail to show that the consideration did not pass, as stated in the acts, but the verity of the transactions is affirmatively established. The pretensions that the sales are void, or voidable, for lesion beyond moiety has been abandoned.

The remaining ground of attack—i. e., that the sales are void, "because, prior to the execution of said acts of sale, the parties thereto did not cause the production of the evidence of the payment of the taxes due on the property, as is required by Acts 88 of 1888, and 170 of 1898"—is without merit.

Act No. 88 of 1888, and section 74 of Act No. 170 of 1898 are addressed to notaries and recorders, and prohibit them from passing acts of sale of real estate unless the taxes have been paid "to be shown by the receipt or certificate of the officer having charge of the collection of said taxes," etc., and a penalty (or fine) is imposed (by the act of 1898, § 75) on the recorder or notary who violates the prohibition. If the lawmaker had intended, as an additional penalty, upon the parties thereto, that the sales should be stricken with nullity, he would, no doubt, have so written it in the law. As it is, the courts have no authority to supply it. Beyond that, the notarial act of August 27th contains the recital, "the certificate of the tax collector, showing payment of taxes, is hereto annexed," and both notaries testified, without objection, that the tax receipts, showing payment of past-due taxes, were attached to the original acts. There was judgment in the district court rejecting plaintiff's demands, and, as we find no error therein, the said judgment is affirmed, at the cost of the plaintiff.