934 So.2d 25 (2006)
Michael D. HAMILTON
v.
ROYAL INTERNATIONAL PETROLEUM CORPORATION and Elmer B. Litchfield, Sheriff and Tax Collector of the City of Baton Rouge.
No. 2005-C-846.
Supreme Court of Louisiana.
February 22, 2006.
Rehearing Denied June 30, 2006.
*27 Breazeale, Sachse & Wilson, Charles G. Blaize, Jr., Houma, for Applicant.
Hebert, Spencer, Cusimano & Fry, V. Charles Cusimano, Greco & Greco, Leu Anne Greco, McGlynn, Glisson & Koch, Daniel J. McGlynn, Baton Rouge, for Respondent.
Thomas Allen Usry, John Franklin Weeks, II, Craig Edmond Frosch, New Orleans, for Sheriffs' Association Inc. Amicus Curiae.
Jack Ashton Grant, Oldlen Charles Toups, Jr., Gretna, Martin E. Landrieu, Suzanne Karen Scalise, New Orleans, for Cox Communications Louisiana L.L.C. Amicus Curiae.
KNOLL, Justice.[*]
This case concerns whether a tax sale for delinquent taxes on immovable property should be annulled for failure of the Sheriff, as Ex Officio Tax Collector, to send a notice to the taxpayer informing him, inter alia, of the manner in which the property may be redeemed, as mandated by La.Rev.Stat. 47:2180 A(1)(b). While the tax sale was properly noticed and executed, the Legislature subsequently amended the law before the three year peremptive period had ended for plaintiff, Michael D. Hamilton, to redeem his property. This change in the law calls into question the validity of the tax sale. The trial court found the tax sale valid. The court of appeal reversed. For the following reasons we reverse the court of appeal, finding the failure to send plaintiff the post-tax sale notice mandated by La.Rev. Stat. 47:2180 A(1)(b) after the properly noticed tax sale and execution thereof does not violate due process, as he was afforded an opportunity to be heard at a meaningful time and in a meaningful manner before the tax sale and further, neither does the statute require annulling the tax sale as a penalty for failing to send such a notice.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Michael D. Hamilton, owned a residence in Baton Rouge, Louisiana that he had inherited from his father and lived in all of his life.[1] A tax notice was sent to him for 1994 city/parish ad valorem taxes on the property, which he failed to pay. In April 1995, a notice of tax delinquency was sent to him by certified mail. Mr. Hamilton signed a return receipt indicating receipt of the notice. This notice advised plaintiff that if the delinquent taxes were not paid within twenty days from the date of the notice, the sheriff and tax collector would seize, advertise and sell sufficient property to pay the taxes together with all interest, penalties and costs. The taxes remained unpaid, and the property was advertised for sale. On June 12, 1995, the property was sold at a tax sale to Royal International Petroleum Corporation (RIPCO) for $71.68, consisting of $27.09 in unpaid taxes, interest of $1.59 and costs of $43.00. The sheriff executed a tax deed in RIPCO's name, which was recorded on June 30, 1995. The record shows RIPCO paid the ad valorem taxes assessed for this property for the years of 1995, 1996, 1997, 1998 and 1999.
During the three year peremptive period Mr. Hamilton could redeem his property, *28 the Legislature changed the law to require notice during this period to inform the property owner of the manner in which the property could be redeemed. Prior to this change in the law, the tax collector was not constitutionally or legislatively required to send this post-tax sale notice. At the time of the tax sale, La.Rev.Stat. 47:2180 provided, in relevant part:
§ 2180 Immovable property, notice of delinquency
A. On the second day of January each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.
B. The tax collector shall send to each taxpayer by certified mail, with return receipt requested, the notice prescribed herein, provided that in cities containing a population over fifty thousand persons, the tax collector may either send this notice by certified mail or make personal or domiciliary service on the taxpayer. In the event the certified notice is returned as being undeliverable by the post office, the tax collector may comply with Article 7 Section 25 of the Constitution of Louisiana and the provisions of this Section by advertising the tax debtor's property in the advertising required for unknown owners in Subsection C of this Section. . . .
C. The tax collector shall publish one general notice substantially in the form set forth herein, addressed to all unknown owners of assessed immovable property situated in his parish, and to nonresident owners of such property whose post office address is unknown, in which he shall describe the property as described in the tax roll. Such notice shall be published once a week for two weeks in a newspaper published in his parish, or if there be none published in the parish, then such notice shall be given in the manner provided by law for judicial sales. He shall pay for the publication, and shall be entitled to collect as costs therefor the pro rata share of the publication costs from each unknown owner or from the property assessed to him. The collector shall certify on his tax rolls that he has published the notices, and the certificate on either roll shall make full proof thereof until disproved in a judicial proceeding.
In Act 1997, No. 984, the Legislature amended this statute, designating subsection A as subparagraph A(1)(a) and adding subparagraph A(1)(b) and paragraph A(2). The amendment added the following pertinent provision:
(b) On the second day of January of each year, or as soon thereafter as possible, in each year following the year in which the original notice of delinquency is made pursuant to Subparagraph (a) herein, the tax collector shall address to each taxpayer who has not paid all the taxes which have been assessed to him on immovable property a written notice in the manner provided herein. The notice shall specify the property upon which the taxes are delinquent, the amount of taxes due, and the manner in which the property may be redeemed. The notice shall be made each year until the property is no longer redeemable as provided in Article VII, Section 25(B) of the Constitution of Louisiana. The cost *29 of mailing the notice shall be considered cost for purposes of redemption.
Act 984 did not provide a specific effective date and thus, became effective on August 15, 1997, the general effective date for acts of the 1997 Regular Session.
The three year peremptive period to redeem the property at issue expired on June 30, 1998. RIPCO's agent, Irion Bordelon, telephoned Mr. Hamilton in 1998 and informed him RIPCO had purchased his property at tax sale. It was disputed at trial when this conversation occurred and whether Mr. Bordelon informed Mr. Hamilton of his right to redeem the property and the amount necessary to do so. After the three year period to redeem the property had prescribed, RIPCO offered to convey the property by quitclaim deed to Mr. Hamilton for $2,555.24. An invoice dated January 1, 1999, was sent to Mr. Hamilton from RIPCO for this amount.[2] The offer was not accepted, and plaintiff filed suit to annul the tax sale.
After trial on the merits, the trial court rendered judgment in favor of the defendants, dismissing the suit with prejudice, at plaintiff's cost. In oral reasons for judgment, the court stated to retroactively apply La.Rev.Stat. 47:2180 A(1)(b) or to penalize RIPCO for the sheriff's failure to comply with La.Rev.Stat. 47:2180 A(1)(b) was not appropriate. The trial court seemed to have much sympathy for the plaintiff, but found it was compelled by the constitution and statutes to uphold the tax sale.
A majority of the First Circuit Court of Appeal, sitting en banc, reversed. The court held application of La.Rev.Stat. 47:2180 A(1)(b) did not operate retroactively because it neither evaluates the condition of a past act nor modifies or suppresses the effects of a right already acquired. The court further held the tax collector's failure to give the notice statutorily mandated in La.Rev.Stat. 47:2180 A(1)(b) rendered the tax sale a nullity. We granted Royal International Petroleum Corporation's writ to further review this important issue. Hamilton v. Royal Int'l Petroleum Corp., 05-846 (La.6/3/05), 931 So.2d 1091.

DISCUSSION
The First Circuit Court of Appeal employed a two-step analysis in annulling the tax sale. The court of appeal first examined whether La.Rev.Stat. 47:2180 A(1)(b) was operating retroactively if applied to a tax sale that occurred prior to its enactment. Determining La.Rev. Stat. 47:2180 A(1)(b) did not operate retroactively because it neither evaluates the condition of the legality of a past act nor modifies or suppresses the effects of a right already acquired, the court continued with the second step of the analysis. The second step of the analysis focused on whether the tax collector's failure to perform its mandatory duty entitled the plaintiff to annulment of the tax sale. The majority of the court of appeal implicitly found Louisiana's constitutional due process tolerated "nothing less than strict compliance with the procedures involved in divesting someone of his property." Hamilton v. Royal Int'l Petroleum Corp., 03-2660, p. 8 (La.App. 1 Cir. 3/2/05), 906 So.2d 627, 633, quoting United Fin. Group, Inc. v. Davis, 481 So.2d 726, 729 (La.App. 1 Cir.1985). Finding no error in the court of *30 appeal's determination that this statute did not evaluate the conditions of the legality of a past act or disturb, modify or suppress any acquired or vested right and thus, was not operating retroactively, we pretermit discussion of this issue. However, we find the court of appeal erred in finding due process further requires this post-tax sale notice, when the plaintiff had already been afforded an opportunity to be heard at a meaningful time and in a meaningful manner before he was divested of his property. Thus, the tax sale should not have been annulled.
We begin by noting that although the Legislature amended La.Rev.Stat. 47:2180 to require mandatory post-tax sale notice to the tax debtor, the Legislature did not provide a penalty if the required notice was not sent. Thus, in resolving whether we should annul this tax sale, we look to what due process is required during the three year peremptive period.[3]
The Louisiana Constitution provides, in pertinent part:
(A) Tax Sales. (1) There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs' sales, in the manner provided for judicial sales. . . .
La. Const. Art. VII, § 25(A)(1).
It is well settled the giving of notice of delinquency required by the Louisiana Constitution and La.Rev.Stat. 47:2180 is mandatory and failure to give this notice is constitutional grounds for the annulment of the sale. Childress v. Johnson, 387 So.2d 1217, 1219 (La.App. 1 Cir.1980), writ denied, 393 So.2d 744 (La.1980); Garry v. Zor, Inc., 181 So.2d 828, 832 (La.App. 4 Cir.1966); Doll v. Montgomery, 58 So.2d 573, 576 (La.App.Orleans 1952); Di Giovanni v. Cortinas, 216 La. 687, 44 So.2d 818, 820-821 (1950), cert. denied sub nom. Cortinas v. Di Giovanni, 340 U.S. 801, 71 S.Ct. 46, 95 L.Ed. 589 (1950); Jones v. Curran, 156 La. 1055, 101 So. 415, 416 (1924).
Under both federal and state constitutional mandates, notice to a property owner of the potential loss of his property is a matter of due process. Giordano v. MacDonald, 98-2035, p. 6 (La. App. 4 Cir. 3/10/99), 729 So.2d 760, 762, writ denied, 99-0986 (La.6/18/99), 745 So.2d 22 (citing Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983)). Although Mennonite concerned the due process rights of a mortgagee with respect to notice of a tax sale, its holding and ratio decidendi are applicable to the due process rights of the property owner. Prior to an action which will affect an interest in life, liberty or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide "notice reasonably calculated, under all circumstances, to apprise interested persons of the pendency *31 of the action and afford them an opportunity to present their objections." Mennonite, 462 U.S. at 795, 103 S.Ct. at 2709 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). The Court held:
Since a mortgagee has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale. Cf. Wiswall v. Sampson, 14 How. 52, 55 U.S. 52, 67, 14 L.Ed. 322 (1852). When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service. But unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of Mullane.

Mennonite, 462 U.S. at 798, 103 S.Ct. at 2711.
Although the notice to the property owner informing him that his taxes are delinquent and his property will be sold if the taxes are not paid is clearly required by La. Const. Art. VII, § 25(A) and the Due Process Clauses of both the federal and state constitutions, it does not necessarily follow that subsequent post-tax sale notice, such as provided for in La.Rev.Stat. 47:2180 A(1)(b), is constitutionally mandated.
In the case sub judice, the court of appeal found the tax collector's failure to provide the post-tax sale notice mandated in La.Rev.Stat. 47:2180 A(1)(b) resulted in a fatal defect in the proceedings such that the sale was a nullity. The court found its conclusion was supported by the holding in United Fin. Group, Inc. v. Davis, 481 So.2d 726 (La.App. 1 Cir.1985). That case concerned a tax collector's failure to give a statutorily required post-adjudication notice to two tax debtors whose property was adjudicated to the state for unpaid taxes. It was undisputed the required notices of delinquency and impending sale were properly given by the tax collector prior to the property being offered at tax sale. The tax debtors sought to annul the tax sale because of the tax collector's failure to notify them of the adjudication as mandated by La.Rev.Stat. 47:2186.[4] In affirming the trial court's judgment annulling the tax sale, the United court held La. Const. art. I, § 2 tolerates nothing less than strict compliance with the procedures involved in divesting someone of his property. United, 481 So.2d at 729.
After careful and studied review, we find the statutory requirement for post-tax sale notice specifying the property upon which the taxes were delinquent, the amount of taxes due and the manner in which the property may be redeemed is not necessary to satisfy due process. The United court provided no authority to support its extension of due process, and this was the sole authority the court of appeal relied upon to find the instant tax sale was a nullity for the tax collector's failure to provide the notice mandated by La.Rev. Stat. 47:2180 A(1)(b). Although it is well *32 established that proof of an inadequate property description, deficient advertisement, or improper notice of delinquency is sufficient to nullify a tax sale, United, 481 So.2d at 729, the strict compliance is with regard to the initial notification of delinquency and pending sale. See La. Const. Art. VII, § 25(A)(1); La.Rev.Stat. 47:2180 A(1)(a).
Under the Fourteenth Amendment to the United States Constitution and La. Const. Art. I, § 2, a person is protected against a deprivation of his life, liberty or property without "due process of law." Fields v. State through Dep't of Public Safety and Corrections, 98-611, p. 6 (La.7/8/98), 714 So.2d 1244, 1250. The fundamental requirement of procedural due process is notice and the opportunity to be heard at a meaningful time and in a meaningful manner. Allain v. Martco P'ship, 02-1796, p. 6 (La.5/23/03), 851 So.2d 974, 979; Fields, 98-611 at p. 6, 714 So.2d at 1250. Our Constitution, La. Const. Art. VII, § 25(A), and our statutes, La.Rev. Stat. 47:2180 A(1)(a), provide for notice, mandated by due process guarantees, to a property owner whose property will be sold at a tax sale to satisfy the debt of unpaid ad valorem taxes. Whether a tax collector has properly notified a delinquent taxpayer of the impending sale, fundamental to the person's protection against deprivation of his property without due process of law, must be closely scrutinized by our courts should the notice be challenged. But we can find no authority to extend this due process right to a subsequent notice post-tax sale. The notice informing the property owner his taxes are delinquent and his property will be sold if the taxes are not paid protects the procedural due process rights of the property owner and affords him the opportunity to be heard at a meaningful time and in a meaningful manner prior to the sale of his property. The post-tax sale notice mandated by La. Rev.Stat. 47:2180 A(1)(b) does not concern an opportunity to be heard at a meaningful time and in a meaningful manner; that time was prior to the tax sale, before he was divested of his property.
It is undisputed the tax collector was in strict compliance in notifying Mr. Hamilton of his delinquent property taxes and the pending sale if the delinquent taxes were not paid. The tax sale met all well established due process requirements. To now hold due process was not met because a post-tax sale notice was not sent would be adding requirements that are not fundamentally established to meet due process. The opportunity for Mr. Hamilton to be heard at a meaningful time and in a meaningful manner was before he became divested of his property. At the tax sale, Mr. Hamilton became divested of his property in strict compliance with his due process rights. We do not find fundamental due process is further required to inform him that, in his case, he may redeem his property for a period of less than one year. We are further buttressed in this finding by noting the Legislature did not require as a penalty that the tax sale be annulled if the post-tax sale notice is not sent and neither is it required in our constitution.
We now extend our discussion to determine whether any statutory remedy was supplied by the Legislature for the tax collector's failure to comply with the mandated requirement of post-tax sale notice.
The starting point for the interpretation of any statute is the language of the statute itself. Richard v. Hall, 03-1488, p. 22 (La.4/23/04), 874 So.2d 131, 148; SWAT 24 Shreveport Bossier, Inc. v. Bond, XXXX-XXXX, p. 12 (La.6/29/01), 808 So.2d 294, 302. When a statute is clear and unambiguous and its application does not lead to absurd consequences, the statute *33 is applied as written, and no further interpretation may be made in search of legislative intent. See La. Civ.Code. Ann. art. 9; La.Rev.Stat. 1:4. Courts are not free to rewrite laws to effect a purpose that is not otherwise expressed. Cacamo v. Liberty Mut. Fire Ins. Co., 99-3479, p. 4 (La.6/30/00), 764 So.2d 41, 44; White v. Wal-Mart Stores, Inc., 97-393, p. 4 (La.9/9/97), 699 So.2d 1081, 1084.
A plain reading of La.Rev.Stat. 47:2180 does not provide any penalty or remedy should the tax collector fail to perform his mandatory duty to provide the post-tax sale notice. We are not unmindful that the word "shall", for purposes of statutory construction, denotes a mandatory duty. La.Rev.Stat. 1:3, Ray v. South Central Bell Tel. Co., 315 So.2d 759, 761 (La.1975). However, statutes classified as mandatory prescribe, in addition to requiring the doing of the thing specified, the result that will follow if they are not done. Sanders v. Dep't of Health & Human Resources, 388 So.2d 768, 770 (La.1980). Enacting La.Rev.Stat. 47:2180 A(1)(b), the Legislature has prescribed a mandatory duty for the tax collector, but has not prescribed a result of nullity of the tax sale if the tax collector fails to give the post-tax sale notice. In a recent opinion we observed it is not the function of the judicial branch in a civilian legal system to legislate by inserting penalty provisions into statutes where the legislature has chosen not to do so. Carter v. Duhe, 05-CC-390, p. 10 (La.1/19/06), 921 So.2d 963. Although the language of La.Rev.Stat. 47:2180 does not provide that a tax sale shall be annulled if the tax collector fails to give the mandatory notice of delinquency and impending sale, the resulting nullity for failure to provide that notice is mandated by well established due process requirements.
Further support for our determination can be found in an earlier pronouncement from this Court. Act No. 88 of 1888 and Act No. 170 of 1898 prohibited notaries from passing acts of sale of real estate unless proof was attached in the form of a receipt or certificate from the tax collector as evidence of the payment of the taxes. Act No. 170 of 1898 further provided the imposition of a fine on the recorder or notary who violated the prohibition. Plaintiff sought to annul two sales of property alleging, inter alia, that the notary failed, before passing the acts, to require proof of the payment of the taxes. Although this Court found that argument without merit, this Court noted "[i]f the lawmaker had intended, as an additional penalty, upon the parties thereto, that the sales should be stricken with nullity, he would, no doubt, have so written it in the law. As it is, the courts have no authority to supply it." Putnam & Norman v. Cooper, 127 La. 498, 53 So. 731 (1910).

CONCLUSION
In conclusion, we find the court of appeal erred in annulling the tax sale for the failure of the tax collector to provide the post-tax sale notice mandated by La.Rev. Stat. 47:2180 A(1)(b). The Louisiana Constitution and the Due Process clauses of both the federal and state constitutions require notice be given to a property owner before his property is sold at a tax sale. It was undisputed that plaintiff herein received actual notice of the impending tax sale of his property. However, we decline to extend due process requirements to find that a post-tax sale notice is further required. Due process fundamentally requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner before the state deprives the person of property, which was done in this case.

*34 DECREE
For the foregoing reasons, the judgment of the court of appeal is reversed and set aside. The district court judgment dismissing the suit, with prejudice, is reinstated.
REVERSED.
JOHNSON, J., dissents.
KNOLL, J., additionally concurs with reasons.
KNOLL, Justice, additionally concurs.
I write separately to note that my dissent in Carter v. Duhe, 05-CC-390, (La.1/19/05), 921 So.2d 963, is distinguishable from the holding in Hamilton v. Royal Int'l Petroleum Corp., 05-C-846 (La.2/22/06). At issue in Carter was Louisiana's New Home Warranty Act ("NHWA"), specifically, two mandatory provisions of that act that came into conflict. In my view, the two conflicting provisions of the NHWA required a search for their meaning by examining the context in which they occurred and the text of the law as a whole. The case sub judice, however, does not concern the reconciliation of two mandatory provisions. Under both federal and state constitutional mandates, notice to a property owner of the potential loss of his property is a matter of due process. Therefore, failure of the tax collector to give the notice mandated by La.Rev.Stat. 47:2180 A(1)(a) must result in the nullity of the tax sale, as this notice is constitutionally required. Unlike the two mandatory provisions at issue in Carter, supra, the two mandatory provisions of La.Rev.Stat. 47:2180, notice of impending sale to the delinquent taxpayer and post-tax sale notice, do not come into conflict. The Legislature prescribed a mandatory duty for the tax collector to give a post-tax sale notice, but the Legislature did not prescribe a result of nullity should the tax collector fail to give the post-tax sale notice. The courts have no authority to supply the penalty.
NOTES
[*] Retired Judge Robert Klees assigned as Associate Justice ad hoc, sitting for Associate Justice Chet D. Traylor, recused.
[1] The property was described in the tax notice and the tax deed as follows:

Lot 12 Sq. 7 Roseland Terrace, 40 Ft., N. Side Cherokee St. X 120 Ft. Land, 1000 Imp. 1790. 1982 (P-40, 988), E. 10 Ft. Lot 13 Sq. 7 Roseland Terrace, 10 Ft. N. Side Cherokee X 120 Ft. Land 250
[2] The invoice provides the following itemization:

 Taxes and Interest $1555.24
 Legal Fees $ 350.00
 Research of Conveyance & Mortgage
 Records $ 150.00
 Time and Expense for Tax Payment
 (4 years) $ 350.00
 Profit on Investment $ 150.00
 ________
 $2554.24

[3] La. Const. art. VII, § 25(B)(1) provides:

The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.
This three year period is peremptive and cannot be suspended or interrupted. Harris v. Estate of Fuller, 532 So.2d 1367, 1369 (La. 1988).
[4] La.Rev.Stat. 47:2186 provides, in relevant part:

. . . The tax collector shall, immediately after adjudication to the state, or at as early a date thereafter as possible notify the tax debtor in writing whether by actual service in case of residents, by mail in case of nonresidents whose post office address is known, and by one publication in a newspaper of the parish wherein he exercises his function in case of unknown owners and nonresidents whose post office address is unknown, that within thirty days he will take actual corporeal possession of the property so adjudicated. . . .