975 So.2d 1 (2007)
Debra L. SIMMONS
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Office of Motor Vehicles.
No. 2007-CA-0572.
Court of Appeal of Louisiana, Fourth Circuit.
December 12, 2007.
Rehearing Denied January 23, 2008.
Stephen A. Quidd, Dept. of Public Safety & Corrections, Baton Rouge, LA, for Defendant/Appellant.
(Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
DAVID S. GORBATY, Judge.
Debra L. Simmons sought judicial review in the district court of an order suspending her driver's license for 545 days as a result of her second reported refusal to submit to a chemical test for suspected intoxication while driving. The district court granted her motion for summary judgment, vacating the order of suspension. The Department of Public Safety and Corrections, Office of Motor Vehicles (hereinafter DPS) appeals that judgment.
FACTS and PROCEDURAL HISTORY:
Debra L. Simmons was arrested on November 4, 2005, for DWI and obstructing a public passage. After being transported to the Jefferson Parish Correctional Center, she refused to sign the form acknowledging that she understood her rights, and refused to submit to either a breath or urine test.
Ms. Simmons timely requested an administrative hearing to challenge the proposed suspension of her driving privileges pursuant to La.R.S. 32:667 E, sometimes referred to as the Implied Consent Hearing statute. The hearing was not held until April 6, 2006, more than 90 days after the date of her arrest.
*2 At the hearing, Ms. Simmons argued that La. R.S. 32:667 E mandates that a hearing shall be had within 90 days of arrest, and, therefore, if a hearing does not take place timely, the Implied Consent Hearing must be abandoned. The administrative law judge indicated that she would be inclined to agree with this argument, but for a recent ruling of the Louisiana Supreme Court, Hamilton v. Royal Internat'l Petroleum Corp., 05-846 (La.2/22/06), 934 So.2d 25. Relying on language in that opinion, she affirmed the proposed suspension of Ms. Simmons' driving privileges.
Ms. Simmons appealed the order to the district court. That court agreed that the mandatory language contained in the statute must be enforced. It granted Ms. Simmons' motion for summary judgment, overruled the decision of the administrative law judge, and vacated the order affirming the proposed suspension of Ms. Simmons' license.
DISCUSSION:
On appeal, Ms. Simmons argues that the language of La.R.S. 32:667 E is clear and unambiguous, and does not lead to absurd results; thus, the law should be applied as written.
Louisiana Revised Statute 32:667 E provides:
The department shall provide a hearing to determine suspension or revocation of driving privileges, and said hearing shall be held within ninety days of the date of arrest in all cases, unless continued at the request of the driver.
The administrative law judge agreed that the statutory language did mandate a hearing be held within 90 days of arrest; however, she pointed out that the statute did not provide for a penalty if the hearing did not take place. Relying on Hamilton, supra, she declined to read into the statute a penalty not provided by the legislature.
In Hamilton, supra, a case involving sale of property for failure to pay taxes, the Supreme Court noted that "[c]ourts are not free to rewrite laws to effect a purpose that is not otherwise expressed." Id. 05-846, p. 10, 934 So.2d at 33. The Court further stated:
A plain reading of La.Rev.Stat. 47:2180 does not provide any penalty or remedy should the tax collector fail to perform his mandatory duty to provide the post-tax sale notice. We are not unmindful that the word "shall", for purposes of statutory construction, denotes a mandatory duty. However, statutes classified as mandatory prescribe, in addition to requiring the doing of the thing specified, the result that will follow if they are not done. . . . [I]t is not the function of the judicial branch in a civilian legal system to legislate by inserting penalty provisions into statutes where the legislature has chosen not to do so.
Id., 05-846, p. 11, 934 So.2d at 34 (citations omitted).
We agree with the administrative law judge. It is not our function as a court of appeal to legislate. Further, we do not agree with the district court's conclusion that not enforcing the mandatory language of the statute leaves a driver awaiting a hearing with "Damocles' sword hanging above [his] head." Ms. Simmons requested a hearing and one was had. While awaiting the hearing, she could continue to drive; therefore, she suffered no hardship as a result of the delay.
Accordingly, we reverse the decision of the district court and reinstate the order issued April 7, 2006, affirming the proposed suspension of Ms. Simmons' license.
*3 REVERSED AND RENDERED.
LOMBARD, J., concurs and assigns additional reasons.
BELSOME, J., dissents with reasons.
LOMBARD, J., concurs and assigns additional reason.
The Louisiana Supreme Court has determined that "[if] the terms of the statute are limited to what is required to be done, i.e., procedural rules, then the statute is considered directory even though mandatory language is used." Marks v. New Orleans Police Dept., XXXX-XXXX, p. 10 (La.11/29/06), 943 So.2d 1028, 1035, abrogating Davis v. New Orleans Police Dept., XXXX-XXXX (La.App. 4 Cir. 2/2/05), 899 So.2d 37, (citation omitted).
BELSOME, J., dissents with reasons.
I respectfully dissent. The majority focuses on the absence of a written penalty for the violation of La. R.S. 32:667 E; I find that focus misplaced. I agree that "[c]ourts are not free to rewrite laws to effect a purpose that is not otherwise expressed." Hamilton v. Royal International Petroleum Corp., 05-846, p. 11 (La.2/22/06), 934 So.2d 25, 34 citing Richard v. Hall, 03-1488, p. 22 (La.4/23/04), 874 So.2d 131, 148. However, I also recognize that "the word `shall', for purposes of statutory construction, denotes a mandatory duty." Id.
La. R.S. 32:667 E states that in all cases the department has a mandatory duty to conduct a hearing within ninety days to determine suspension or revocation of driving privileges. Mandating that the hearing be held in a specific amount of time equates to a prescriptive period for the department to bring its action. Thus, if the hearing is not heard within that time, it shall not be heard. Accordingly the failure to comply with the statutory requirement relieves the department of the authority to revoke or suspend driving privileges; to find otherwise renders the statute meaningless.