THERIOT, J.,
dissents with reasons.
hThe majority relies on the tax deed being prima facie evidence of the validity of the tax adjudication proceedings. The burden is placed upon the Poches’ to prove the irregularity of the tax adjudication proceedings. The Poches’ do not challenge any action prior to the tax sale nor do they challenge the tax sale itself. The Poches’ argue Pamplemoussier violated R.S. 47:2183(C)[1] and therefore the tax sale should be nullified. The alleged irregularity is the failure of the purchaser to comply with R.S.'47:2183(0). The Poches’ successfully plead in their amended answer that the tax sale should be nullified due to failure of Pamplemoussier to send post sale notice pursuant to R.S. 47:2183(C)i[2] The Poches’ further allege intentional bad faith on the part of the plaintiff, Pamplemoussier.[3] Once the |aPoches’ successfully argued R.S. 47:2183(C) was not satisfied, the .burden shifts to the obligor, Pamplemoussier, to prove it satisfied the duty imposed upon it by R.S. 47:2183(0). The record is void of any such evidence, outside of counsel’s statements, that a, post sale notice was provided pursuant to R.S. 47:2183(0).
In her Reasons for Judgment, the trial judge correctly reasoned that because post tax sale notice was required under former La. R.S. 47:2183(0), the initial tax sale must be nullified.- La. R.S. 47:2183(0) states, in part:
Within thirty days of the day when the deed is filed for record in the conveyance office in the parish in which the property is situated, the purchaser shall provide notice of the sale of that property to the prior owner of the property who failed to pay the taxes on the property by mailing to the prior owner, the mortgagee, and any other person who may have a vested or contingent interest in the property ... (Emphasis added).
The burden is on the purchaser to prove the duty imposed by R.S. 47:2183(0) has *484 been satisfied. The trial judge reasoned that the legislature intended the statute protect the due process right of property-owners attached to the post-tax sale right of redemption, a right which is constitutionally ordained in the Louisiana Constitution. Louisiana Constitution, Art. VII, § 25(B)(1) states:
The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.
It is well-settled that a citizen’s vested property interests are protected by procedural due process, and that parties must be notified of their rights in actions affecting their vested property interests. See, Mennonite Bd. Of Missions v. Adams, 462 U.S. 791, 795, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 485, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)). Since Louisiana courts have held tax collectors need not comply with a statutory duty to notify property owners of their right of ^redemption post-tax sale, by reversing the trial court and upholding the tax sale in the instant case, the majority denies the defendant any due process to be informed of their constitutional right of redemption. See Hamilton v. Royal Int’l Petroleum Corp., 2005-846 (La.2/22/06), 934 So.2d 25, 33, cert. denied, 549 U.S. 1112, 127 S.Ct. 937, 166 L.Ed.2d 704 (2007); see also, East-West of Metairie v. Stewart, unpublished opinion (La.App. 1 Cir.2009).
Pamplemoussier argues that Hamilton stands for the proposition that due process “applies to the pre sale notice. Once the property is sold, the property is sold. So therefore, notice is really irrelevant,...” Seemingly in error, the trial judge countered by citing Sutter v. Dane Investments, Inc., 2007-1268 (La.App. 4 Cir. 6/4/08), 985 So,2d 1263, 1267. In Sutter, the court nullified a tax sale for lack of pre-sale notice of tax delinquency, although the Fourth Circuit did state that the “purpose of the notice requirement is to ensure that tax debtors are aware of their right to redeem their property.” Id. The trial judge did correctly note that reliance on Hamilton is nonetheless inap-posite.
In Hamilton, the Louisiana Supreme Court overturned a decision of this court, holding failure of the tax collector to comply with the statutory post-tax sale notice requirement nullified a tax sale. Hamilton 934 So.2d at 33 (La.2006). The court reasoned that because the property owner already had an opportunity to be heard, all due process had been complied with, and alternatively argued that because the statute did not list a penalty, none should be provided. Id. However, Hamilton did not explain how a property owner could be fairly apprised of their constitutional redemption rights by a tax delinquency notice before a tax sale, since the right of redemption does not exist until after the tax sale. As the trial judge correctly stated in the present case, “the due process required prior to deprivation of the Defendants’ right to redeem cannot be satisfied by the pre-sale notice, as the right to redeem does not even exist until after the sale has taken place.”
^Additionally, Hamilton dealt with a different statute directed at a different class of citizens. Hamilton only answered whether public officials (tax collectors) were required to send post-tax sale notices under La. R.S. 47:2180(A)(l)(b). Id. at 31. At issue here is a purchaser’s obligation to give post-tax sale notice under La. R.S. 47:2183(C). Although the substantive obli *485 gations defined in each of the respective statutes are similar, the former applies to public actors, while the latter applies to private purchasers of property in a tax sale. Thus, while I may disagree with the holding in Hamilton, .it is nonetheless arguably reasonable and equitable. After all, why ought the failure of a public official to satisfy his/her statutory obligation penalize an otherwise innocent, private purchaser with a potential property interest in an immoveable? The majority opinion, however, is not reasonable ahd equitable. By upholding the tax sale in spite of Pamplemoussier’s total disregard for its statutory obligation, a private purchaser of property via tax sale will be able to benefit by denying tax debtors with a vested property interest their due process right to be informed of their constitutional right of redemption.
Considering this difference between Hamilton and the instant case, we must be mindful that our civilian tradition requires that legislation, the “solemn expression of legislative will,” guide our decisions. La. C.C. art. 2. Where legislation is “clear and unambiguous and its application does not lead to absurd consequences, the „law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La. C.C. art. 9. If “no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity. To decide equitably, resort is made to justice, reason, and prevailing usages.” La. C.C. art. 4. Although it is true that no penalty is listed for non-compliance in La. R.S. 47:2183(C), application without penalty does lead to absurd consequences — an innocent party will be. fully denied of any opportunity to be informed of its constitutional right of redemption while a party, even one who Ijjin bad faith willfully disregards the mandate of the legislature, will benefit from non-compliance. Such result is clearly not equitable. Such result will encourage purchasers not to abide by their statutory duty of notification and undoubtedly lead to deceit and trickery on the part of some purchasers.
Finally, application of the penalty of nullification by the court is not unheard of. It is clear that reasonable notice of tax delinquency is required before property may be sold to satisfy due process, and that “want of notice is fatal to a tax sale.” Lewis v. Succession of Johnson, 2005-1192 (La.4/4/06), 925 So.2d 1172, 1177 (citing Adsit v. Park, 81 So. 430, 144 La. 934 (La.1919)); see also Smitko v. Gulf South Shrimp, Inc., 2011-2566 (La.7/2/12), 94 So.3d 750, 758-59; Jamie Land Co. v. Atwood, 2006-2057 (La.App. 1 Cir. 6/8/07), 965 So.2d 873, 875. The statute that requires pre-tax sale notice is La.- R.S. 47:2180, the same statute,as in Hamilton. While the statute does not state a penalty for failure to comply with tax delinquency notice requirements, the penalty of nullification was jurisprudentially established as necessary for the preservation of procedural due process. Similarly, in my view, the only way to remedy Pamplemoussier’s non-compliance with its post-tax sale notice requirement in La. R.S. 47:2183(0), requirements designed to protect the constitutional right to redemption of delinquent taxpayers, is to nullify the tax sale and allow the owner to exercise his right to redeem the property. This penalty is necessary for the preservation of procedural due process.
For the above reasons I respectfully dissent.

. Repealed by Acts 2008, No 819) § 2 effective January 1, 2009 The tax sale predates this Act.

. Paragraph 3 of defendants’ amended answer and reconventional demand: "The Tax Sale and Tax Deed are nullities. The failure of the plaintiff to properly notify the defendants under the provisions of La.R.S. 47:2183(C) is a nullity. The failure to send this notice is a fatal defect in the Tax Sale proceeding resulting, in a nullity of,the sale and deed. Defendants specifically plead as - an affirmative defense to petitioner's claim this nullity of the Tax Sale and Deed.”

.Paragraph VIII of defendants’ amended answer and reconventional demand: "Reconve-nors allege the intentional acts of [Pamplem-oussier] are indicative of bad faith in refusing to comply with the notice requirements of R.S. 47:2183(C) which actions deprive the Taxpayer of their right to redeem their property because of preemption and the additional delay in not filing their claim permitted the time to expire to nullify the sale and deed.”