| | | |
|---|---|---|
| KAREN CARTER PETERSON | * | NO. 2019-CA-0703 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| ALLEN HELWICK BORNE, | * | |
| JR., KYLE ARDOIN, IN HIS | | FOURTH CIRCUIT |
| OFFICIAL CAPACITY AS THE | * | |
| SECRETARY OF STATE, AND | | STATE OF LOUISIANA |
| C. ARTHUR MORRELL, IN | * * * * * * * | |
| HIS OFFICIAL CAPACITY AS | | |
| THE CHIEF ELECTION | | |
| OFFICER FOR ORLEANS | | |
| PARISH | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-08455, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Terri F. Love,
Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge Joy Cossich Lobrano,
Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins,
Judge Regina Bartholomew-Woods, Judge Tiffany G. Chase)[1]

**MCKAY, C.J., DISSENTS FOR THE REASONS ASSIGNED BY J. BELSOME**
**BELSOME, J., DISSENTS WITH REASONS**
**LOBRANO, J., DISSENTS WITH ADDITIONAL REASONS TO FOLLOW**
**JENKINS, J., DISSENTS WITH REASONS**
**CHASE, J., CONCURS IN THE RESULT**

James J. Carter
Randy George McKee
CARTER & MCKEE, LLC
1100 Poydras Street, Suite 1475
New Orleans, LA 70163
    COUNSEL FOR PLAINTIFF/APPELLEE

Madro Bandaries
MADRO BANDARIES, P.L.C
P.O. Box 56458
New Orleans, LA 70156
    COUNSEL FOR DEFENDANT

---

[1] Judges Daniel Dysart and Paula Brown were unable to participate. Judge Dale Atkins recused herself.

Allen H. Borne, Jr.
4902 S. Claiborne Avenue
New Orleans, LA 70118
        PRO SE DEFENDANT/APPELLANT

**AFFIRMED**
**AUGUST 22, 2019**

This appeal arises out of the disqualification of Allen Helwick Borne, Jr., from candidacy for the Louisiana State Senate District 5. The trial court disqualified Mr. Borne because it found that he failed to sign the notice of candidacy form as required by La. R.S. 18:463(A)(2)(a) and (A)(3). We find that the trial court did not err when it disqualified Mr. Borne. Accordingly, we affirm.

## FACTUAL BACKGROUND

Mr. Borne states that on July 26, 2019, he appointed Paul A. Bello as his agent to file his Notice of Candidacy for Louisiana State Senate District 5. According to Mr. Borne, at this same time, Mr. Borne executed, and Mr. Bello notarized, a notice of candidacy, as well as an agent affidavit authorization to file notice of candidacy form, both of which were signed by Mr. Borne.[2]

Mr. Borne further states that on August 8, 2019, at approximately 3:00 p.m., Mr. Bello reported to the Clerk of Court for Orleans Parish Criminal District Court and Chief Election Officer, Arthur M. Morrell[3] to file Mr. Borne's notice of

---

[2] Mr. Borne concedes that the notarized agent affidavit was dated for August 26, 2019, rather than July 26, 2019. Mr. Borne asserts that this error was inadvertent.

[3] Mr. Morrell is named as a nominal defendant in the above-captioned matter.

1

candidacy. According to the testimony of Mr. Bello, he brought the following documents with him to the Clerk's Office: a "personal" affidavit, an affidavit authorizing him to act on behalf of Mr. Borne, and a notarized notice of candidacy signed by Mr. Borne.

According to the testimony elicited, Mr. Bello submitted Mr. Borne's documents and paid the $600.00 filing fee. Next, and arguably the crux of the matter, rather than accept the notice of candidacy signed by Mr. Borne, Mr. Bello alleges that an employee with Mr. Morrell's office generated a "new" notice of candidacy form, because the one he had brought with him did not match the name that was contained in the registrar of voters' database.[4] Mr. Morrell could not confirm or deny that the form was or was not accepted, but stated that he remembered seeing two documents, one allegedly signed by Mr. Borne, but he could not confirm that it was, in fact, signed by Mr. Borne. He further asserted that his office is authorized to receive any documents that are brought in by anyone for any candidate.

Mr. Bello further testified that he proceeded to the notary who was employed in the Clerk's office, on this day, whereupon he executed a notice of candidacy form on behalf of Mr. Borne, as his agent. He alleges that Mr. Morrell looked at the form and indicated to him that his candidate would be challenged. Contrary to this assertion, Mr. Morrell testified that he made a statement that "all

---

[4] The newly generated form listed Mr. Borne's name as Allen Helwick Borne, Jr. (using his middle name rather than just an initial), included the filing fee in the amount of $600.00, and listed Mr. Borne's race as "W." According to Mr. Borne and Mr. Bello, the candidacy form that Mr. Borne executed only listed his middle initial and it failed to identify his race.

candidacy applications can be challenged," in response to a question that was posed to him, and not to Mr. Bello, in particular.

It is based upon the notice of candidacy form executed by Mr. Bello, that Plaintiff-Appellee, Karen Carter Peterson ("Appellee") challenges Mr. Borne's candidacy.

## PROCEDURAL HISTORY

On August 14, 2019, Appellee, a resident and registered voter in Louisiana State Senate District 5 and the incumbent, filed, in Civil District Court for the Parish of Orleans, an Objection to Candidacy and Petition to Disqualify Candidate against Mr. Borne. Appellee alleged that Mr. Borne "failed to qualify for the primary election in the manner prescribed by law" because Mr. Bello, Mr. Borne's agent, and not Mr. Borne, signed the certificate included in the notice of candidacy pursuant to La. R.S. 18:492(A)(1)[5], La. R.S. 18:463(A)(2)(a)[6] and (A)(3)[7].

---

[5] The grounds for an objection to candidacy are set forth in La. R.S. 18:492, and provide, in pertinent part, that "[a]n action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
(1) The defendant failed to qualify for the primary election in the manner prescribed by law."

[6] The required elements of the notice of candidacy are set forth in La. R.S. 18:463(A)(2)(a)-(b) as follows:
The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:
(i) That he has read the notice of his candidacy.
(ii) That he meets the qualifications of the office for which he is qualifying.
(iii) That he is not currently under an order of imprisonment for conviction of a felony.
(iv) Except for a candidate for United States senator or representative in congress, that for each of the previous five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.
(v) That he acknowledges that he is subject to the provisions of the Campaign Finance Disclosure Act if he is a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party

3

## DISCUSSION

In his appellate brief, Mr. Borne raises a number of assignments of error. In summary, Mr. Borne argues that the trial court erred in disqualifying his candidacy.

### *STANDARD OF REVIEW*

This Court has explained that

> [a]ppellate courts review a trial court's findings of fact utilizing the manifest error or clearly wrong standard of review. *Duhon v. Briley,* [20]12-1137, p. 3 (La. App. 4 Cir. 5/23/13), 117 So.3d 253, 257. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." *Id.*

> "Regarding issues of law, the standard of review of an appellate court is simply whether the court's interpretive decision is legally correct." *Id.,* [20]12-1137, p. 4, 117 So.3d at 257-58. "Accordingly, if the decision of the trial court is based upon an erroneous application of law rather than on a valid exercise of discretion, the

---

and that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act.
(vi) That, if he is a major or district office candidate as defined in R.S. 18:1483, he has filed each report he has been required to file by the Campaign Finance Disclosure Act, if any were previously due.
(vii) That he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics.
(viii) That all of the statements contained in it are true and correct.
(b) The certificate shall be executed before a notary public or shall be witnessed by two persons. . . .

[7] Pursuant to La. R.S. 18:463(A)(3):

The notice of candidacy also shall include a certificate, signed by the candidate, certifying that he is knowledgeable of the laws governing election offenses as provided in Chapter 10 of this Title and that he is knowledgeable of the prohibitions relative to erecting, displaying, or posting political campaign signs on any highway right-of-way, publicly owned property or right-of-way, or to or on any public utility pole or stanchion, as provided in R.S. 48:347(D), R.S. 30:2544, and R.S. 18:1470. Except as provided in R.S. 30:2544, whoever so erects, displays, or posts political campaign signs on any publicly owned property or right-of-way, or to or on any public utility pole or stanchion shall be guilty of a misdemeanor and shall be fined not in excess of one hundred dollars or imprisoned for not more than thirty days, or both.

4

> decision is not entitled to deference by the reviewing court." *Id.,* [20]12-1137, p. 4, 117 So.3d at 258.

*Nixon v. Hughes*, 2015-1036, p.2 (La. App. 4 Cir. 9/29/15); 176 So.3d 1135, 1137

## *DISQUALIFICATION*

"In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified." *Russell v. Goldsby*, 2000-2595, p. 4 (La. 9/22/00), 780 So.2d 1048, 1051. "The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy." *Id.*

It is undisputed that the only notice of candidacy form filed with Mr. Morrell's office, on the last day of qualifying for the Louisiana State Senate District 5, was executed not by the candidate, Mr. Borne, but rather, by his agent, Mr. Bello. Louisiana Revised Statute 18:463 sets forth the requirements for filing a notice of candidacy.[8] In particular, subsections (A)(2)(a) and (A)(3) both state that "the notice of candidacy also **shall** include a certificate, **signed by the candidate**…" [Emphasis supplied].

We are asked to decide whether the trial court correctly disqualified Mr. Borne as a candidate because of his lack of signature on the notice of candidacy form. We recognize that this issue is *res nova* in this State. While there have been numerous election cases based on a myriad of challenges, this is the first election challenge case that turns on the candidate's failure to sign the notice of candidacy form. Thus, the focus of our decision shall lie solely with the statute governing the

---

[8] Even when a candidate is a member of the United States Armed Forces, he "shall" submit a signed notice of candidacy. R.S. 18:463(A)(1)(d).

notice of candidacy form. While we recognize that the law favors liberal construction with regard to election laws, we are bound by the clear and unambiguous mandates set forth in the applicable statute. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9.

Louisiana Revised Statute 18:463(A)(2)(a) and (A)(3) specifically state that the candidate "shall" sign the notice of candidacy certifying an enumerated list of qualifiers. The use of the word "shall" establishes a **mandatory** duty. La. R.S. 1:3; *Hamilton v. Royal Int'l Petroleum Corp.*, 2005-0846, p. 11 (La. 2/22/06), 934 So.2d 25, 33. Likewise, "statutes classified as **mandatory** prescribe, in addition to requiring the doing of the thing specified, the result that will follow if they are not done." *Id.* (citing *Sanders v. Dep't of Health & Human Resources*, 388 So.2d 768, 770 (La. 1980)) Nowhere in the statute does it allow for an agent to sign the notice of candidacy in the candidate's stead. Thus, in accordance with the plain language of the statute and the jurisprudence interpreting the mandatory language, we find the trial court correctly found that Appellee made her prima facie case of showing that Mr. Borne was not qualified as a candidate for the seat he was seeking, due to his lack of signing the notice of candidacy. He was mandated by the statute to sign, which he did not do; accordingly, his disqualification is the result of his failure to sign in accordance the mandatory language of the statute.

6

Further, once Appellee proved her prima facie case, the burden shifted to Mr. Borne to prove why he should not be disqualified. We find that Mr. Borne failed to overcome the Appellee's prima facie case.

## CONCLUSION

For the aforementioned reasons, we affirm the trial court's judgment disqualifying Mr. Borne as a candidate in the Louisiana State Senate District 5 race.

Moreover, because we conclude that the notice of candidacy form was not properly executed, we pretermit discussion of the remaining assignments of error as moot.

**AFFIRMED**

7